**Opinion issued May 30, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01086-CV

———————————

### IN THE INTEREST OF C. B. & M. B., Children

---

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-04586J**

---

## MEMORANDUM OPINION

Appellant, the Texas Department of Family and Protective Services, has filed an unopposed motion for voluntary dismissal of its appeal. *See* TEX. R. APP. P. 10.1(a)(5), 10.3(a)(2), 42.1(a)(1). Appellees do not oppose the motion, but instead have filed their own "Motion for Judgment, Award of Costs, and for Immediate Issuance of Mandate." Appellees request that this Court enter a judgment of dismissal that assesses all costs against appellant, securing in appellees the relief to

which they are entitled to in the trial court's amended order for sanctions, and to issue the mandate immediately. *See* TEX. R. APP. P. 18.1(c), 42.1(a)(1), (d).

Appellant filed a response in opposition contending that, because the amended order only allows appellees to recover $20,000 each in appellate attorney's fees if they "*successfully defend* the trial court order in the Court of Appeals," appellees did not successfully defend that order because appellant moved to dismiss before any briefs had been filed. Thus, appellant requests dismissal of this appeal without awarding appellees their appellate attorney's fees. *See Keith v. Keith*, 221 S.W.3d 156, 169 (Tex. App.—Houston [1st Dist.] 2006, no pet.). No other party has filed a notice of appeal and no opinion has issued. *See* TEX. R. APP. P. 42.1(a)(1), (c).

We deny appellees' motion, in part, with respect to awarding appellees their appellate attorney's fees because they did not successfully defend the amended order on the merits given that appellant moved to dismiss before any briefs had been filed or any opinion had issued. *See WWW.Urban.Inc v. Drummond*, 508 S.W.3d 657, 666 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (noting that prevailing party is party "who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention," because "[d]etermination of whether a party is the prevailing or successful party is based upon success on the merits, and not on whether damages were awarded.") (internal quotation marks and citations omitted). We grant appellees' motion, in

2

part, with respect to taxing appellate costs against appellant that are assessed by the Clerk of this Court, and with respect to expediting the mandate.

Accordingly, we grant appellant's motion, dismiss the appeal, direct the Clerk of this Court to issue the mandate simultaneously with the judgment, and order that appellate costs are to be taxed against appellant. *See* TEX. R. APP. P. 18.1(c), 42.1(a)(1), (d), 43.2(f).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Hightower.